IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA**,

       Plaintiff/Counter Defendant,

vs.                                           **No.  CIV 11-901 LH/LFG**

**RONALD B. PORATH; MARZELLA
J. PORATH,**

       Defendants/Counter Claimants,

**BATTLE WOLF, A pure trust, and
WELLS FARGO & COMPANY**,

       Defendants.
===================================
**WELLS FARGO BANK, N.A.**,
Successor by merger to Wells Fargo
Home Mortgage, Inc, fka Norwest
Mortgage, Inc.,

       Plaintiff,

vs.                                           **No. CIV 11-1145 MV/LFG**

**RONALD B. PORATH, MARZELLA
J. PORATH**, Trustees of Battle Wolf;
and **UNITED STATES OF AMERICA**,
by and through the Internal Revenue Service,

       Defendants.

<u>**MEMORANDUM OPINION AND ORDER**</u>

      **THIS MATTER** comes before the Court on (i) pro se Defendants/Counter Claimants

Ronald B. and Marzella J.  Porath's *Motion for Default Judgment*, filed December 2, 2011 (Doc.

5 in 11cv901); (ii) the United States' *Motion to Dismiss* the Poraths' counterclaims, filed December

6, 2011 (Doc. 8 in 11cv901); (iii) the Poraths' *Motion to Dismiss*, filed January 23, 2012 (Doc. 9 in

11cv1145); (iv) the Poraths' *Motion for Default Judgment*, filed January 23, 2012 (Doc. 14 in

11cv901); (v) the Poraths' *Motion for Default Judgment*, filed February 14, 2012 (Doc. 22 in 11cv1145); (vi) Plaintiff Wells Fargo's *Motion to Dismiss*, filed March 26, 2012 (Doc. 30 in 11cv1145); (vii) the Poraths' *Motion to Claim and Exercise Constitutional Rights and Require the Presiding Judge to Rule upon this Motion for Ratification of Commencement, and all Public Officers of this Court to Uphold Said Rights*, filed March 26, 2012 (Doc. 33 in 11cv1145);  (viii) the Poraths' *Formal Motion for an Order Agreeing that the Court is Incompetent*, filed April 9, 2012 (Doc. 23 in 11cv901); and (ix) the Poraths' *Motion for an Order Certifying this Cause to the United States Supreme Court*, filed May 22, 2012 (Doc. 30 in 11cv901).  Having carefully considered the parties' submissions and the applicable law, the Court will grant in part the United States' motion to dismiss the Poraths' counterclaims; deny all of the Poraths' motions; and deny Wells Fargo's motion to dismiss as moot.

## I.      FACTUAL AND PROCEDURAL BACKGROUND.

On October 7, 2011, the United States filed a Complaint under 26 U.S.C. § 7403, seeking to reduce its tax liens to judgment and to foreclose on the liens, which arise from the Poraths' failure to pay taxes due between 1999 and 2005.  *See* 11cv901, Doc. 1 at 2-3, ¶6; *id.* at 5-6, ¶¶ 11-16.  The United States also names Wells Fargo as a defendant because it concurrently holds a mortgage lien on the Poraths' real property located in Bernalillo County, New Mexico.  *See* 26 U.S.C. § 7403(b). The Poraths transferred the real property to a "pure trust" called "Battle Wolf" in 1998.  *See* 11cv901, Doc. 1 at 2-4, ¶¶ 3, 4, 5, 8, 10; *id.*, Doc. 3 at 2, ¶¶ 5, 6.

The Poraths answered the Complaint on November 7, 2011, alleging a counterclaim for $100,000 in damages because the United States "wrongfully and maliciously made public the Defendant's social security number in tax liens . . . filed in [the Valencia] County Clerk's office,"

where they do not own, and have not owned, property, and for also filing the tax liens in Bernalillo County, where the Poraths reside, and in El Dorado County, California, where they hold a land lease. *Id.*, Doc. 3 at 2-3.

The second and third counterclaims for damages in the amount of $50,000 are based on two different sets of allegations. First, the Poraths contend they were "wrongfully treated" and denied their due-process rights when the IRS failed to respond to the Poraths' various "requests for information" and failed to provide "account transcripts for the years 1997 and 1998." *Id.*, Doc. 3 at 3-4. Their third counterclaim asserts that the Poraths were unlawfully subjected to financial hardship and forced into bankruptcy in 2003 because the IRS wrongfully levied all but $18 from Marzella Porath's paycheck. *Id.*, Doc. 3 at 3. Their fourth counterclaim is for a refund of "at least $60,000," which has allegedly been "wrongfully charged and levied." *Id.*, Doc. 3 at 4.

The Poraths moved for default judgment on their counterclaims on December 2, 2011, contending that the United States failed to timely answer within 21 days of service. *See id.*, Doc. 5. The United States moved to dismiss the counterclaims on December 6, 2011. *See id.*, Doc. 8. The Poraths concede that their motion was premature. *See id.*, Doc. 11 at 1. The Poraths filed a second motion for default judgment, however, on January 23, 2012, contending that the United States failed to timely answer their counterclaims within 63 days of service. *See id.*, Doc. 14.

On November 11, 2011, Wells Fargo Bank filed suit against the Poraths in state court to foreclose its mortgage lien and to establish lienholder priorities, naming the United States as an additional Defendant because of the tax liens. *See* 11cv1145, Doc. 1, Att. 1. The United States timely removed the state-court Complaint to this Court. *See id.* The Poraths sought dismissal of Wells Fargo's Complaint on January 23, 2012, on the grounds that the United States allegedly responded to the Complaint on behalf of the Poraths and Battle Wolf without obtaining authority

to do so.  *See id.*, Doc. 9 at 1-2.  Wells Fargo responded to the motion to dismiss on February 9, 2012.  *See* Doc. 17.  Nevertheless,  the Poraths moved for default judgment[1], contending that Wells Fargo failed to timely respond to their motion to dismiss.  *See* 11cv1145, Doc.  22.  Wells Fargo filed a motion to dismiss its Complaint without prejudice on March 26, 2012, so that its claims could go forward in the earlier-filed action brought by the United States.  *See id.*, Doc.  30.  That same day, the Poraths filed a motion summarily contending that Wells Fargo does not have standing and demanding that Wells Fargo provide the Court with a "Commencement of Ratification."  *Id.*, Doc. 33 at 1.

The United States and Wells Fargo filed a *Stipulation of Lien Priority* on April 6, 2012, agreeing that Wells Fargo's mortgage lien has a priority interest over the federal tax lien.  *See* 11cv901, Doc.  22.  Because the issues and the parties are the same in both suits, the Court *sua sponte* consolidated the two cases into case number 11cv901 for all purposes on April 9, 2012.  *See id.*,  Doc. 25.  That same day, the Poraths filed a virtually incomprehensible motion contending that this Court does not have jurisdiction over the cases because four district judges of this Court allegedly falsified their financial disclosure statements when they were appointed as judges, and other judges formerly practiced "law for profit . . . which gave them status above and beyond the ordinary citizen who could not practice law in their courts of law for a financial gain" in violation of the Thirteenth Amendment's prohibition against "peonism."  *Id.*, Doc. 23 at 2.

## II.    ANALYSIS

### A.  This Court has jurisdiction over the United States' and Wells Fargo's actions.

---

[1]  The Poraths erroneously characterize their motion as one for default judgment, but the Court construes it as a motion requesting that the Court grant their motion to dismiss for the Plaintiff's failure to timely respond under D.N.M. LR-Civ. 7.1(b)(providing that failure to timely respond to a motion "constitutes consent to grant the motion").

The Court has subject-matter jurisdiction over the United States' Complaint pursuant to 26 U.S.C. § 7402, and 28 U.S.C. §§ 1340 and 1345 because this action arises under federal tax law, and the United States is the plaintiff. The Court has jurisdiction over Wells Fargo's removed case under 28 U.S.C. § 1444, which grants authority to the United States to remove a state-court suit to federal court where the United States is named as a defendant in an action brought under 28 U.S.C. § 2410.

As to the Poraths' contention that the Court does not have subject-matter jurisdiction over the two suits, the Court finds that the Poraths' arguments regarding alleged falsification of financial disclosures and "peonism" are nonsensical. The Court also finds frivolous their argument that this Court "is not a District Court of the United States," but, rather, is only a "territorial court." 11cv1145, Doc. 13 at 1. New Mexico has not been a territory since January 6, 1912, when Congress admitted it as a state. *And see* 28 U.S.C. § 111 (providing that "New Mexico constitutes one judicial district" and that "Court shall be held at Albuquerque, Las Cruces, Las Vegas, Roswell, Santa Fe, and Silver City"). The Court will deny their *Formal Motion for an Order Agreeing that the Court is Incompetent*.

### B. Three of the Poraths' counterclaims must be dismissed.

Even though the Court has jurisdiction over the United States' and Wells Fargo's claims, the Poraths must also establish the Court's subject-matter jurisdiction overt their counterclaims. "[T]he party invoking federal jurisdiction bears the burden of establishing its existence." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 104 (1998). This principle applies when a defendant in a suit regarding enforcement of the tax statutes attempts to assert a counterclaim against the United States. *See, e.g., United States v. Wankel*, No. 11–2100, 2012 WL 1094831, *1 (10th Cir. April 3, 2012) (unpublished). The federal government and its agencies may be sued only if the government

has waived its sovereign immunity.  *See Dahl v. United States*, 319 F.3d 1226, 1228 (10th Cir. 2003); *Lonsdale v. United States*, 919 F.2d 1440, 1444 (10th Cir. 1990) (holding that "the taxpayer must find an explicit waiver of sovereign immunity" to bring suit against the United States). "Waivers of the Government's sovereign immunity, to be effective, must be unequivocally expressed," and "the Government's consent to be sued must be construed strictly in favor of the sovereign." *United States v. Nordic Vill., Inc.*, 503 U.S. 30, 33-34 (1992) (internal quotation marks omitted).  Although the Poraths did not, in their counterclaims, cite any statute under which the United States has waived its sovereign immunity regarding their damage claims, the United States apparently presumes that they are attempting to bring suit on all counterclaims for damages under 26 U.S.C. § 7433(a).[2]

The United States argues that

[t]he Court lacks subject matter jurisdiction over the defendants' claim for damages because the defendants have not exhausted their administrative remedies.  Under 26 U.S.C. § 7433(d), a judgment for damages from unauthorized collection actions cannot be awarded unless the plaintiff has exhausted all available administrative remedies.  In particular, Treas. Reg. § 301.7433-1(d) requires taxpayers to file an administrative claim for damages.  If the administrative claim is not filed, the Court lacks jurisdiction over the claim.  The Poraths do not assert that they have filed an administrative claim.

11cv901, Doc. 8 at 1-2.  The United States is correct that, under 26 U.S.C. § 7433(d)(1), "[a] judgment for damages shall not be awarded ... unless the court determines that the plaintiff has exhausted administrative remedies available to such plaintiff within the Internal Revenue Service."

---

[2]26 U.S.C. § 7433(a) provides: "If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States.  Except as provided in section 7432, such civil action shall be the exclusive remedy for recovering damages resulting from such actions."

6

*See also* 26 C.F.R. § 301.7433-1(e) (outlining the specific procedures for filing an administrative claim).

In response to the United States' motion to dismiss their counterclaims for damages, the Poraths do not assert that they filed an administrative claim, but they summarily conclude, "[w] have exhausted our administrative remedies."  11cv901, Doc. 11 at 2.[3]  In support, they allege only, however, that they made a "[c]ertified request to the Secretary for evidence of assessment [that] did not yield proof of an assessment," and that they made a "request for a determination of tax liability," to which the government never responded.  *Id.*  They cite only the Tucker Act, 26 U.S.C. § 6103, as jurisdictional support regarding their counterclaims.  *See id.* at 3.

The United States cite only a 1994 case from the Third Circuit and a 2006 case from the District of New Mexico in support of their contention that the Poraths' failure to state that they exhausted their administrative remedies by filing an administrative claim bars this Court's subject-matter jurisdiction.  *See* 11cv901, Doc. 8 at 1, n.2.  This Court has more recently concluded, however, that failure to exhaust administrative remedies under § 7432(d), a virtually identical statute permitting suit for damages for the IRS's failure to release liens, is *not* a jurisdictional bar, applying Supreme-Court cases addressing exhaustion.  *See Carter v. United States*, No. 07cv1264 MV/LAM, 2009 WL 4269595 at *8 & n.4 (D.N.M. Oct 30, 2009).  In reviewing this Court's analysis, the Tenth Circuit noted:

---

[3]  The Poraths combined their reply to the United States' response to their motion for default judgment with a response to the United States' motion to dismiss, thereby violating D.N.M. Administrative Order No. 92-88, which requires parties to "submit a separate pleading for each matter upon which adjudication or a ruling of the Court is sought."  In the future, Plaintiffs shall file separate responses and replies instead of combining them so that the CM/ECF system can properly associate the responses and replies with the correct motion.  The Poraths also erroneously captioned their response and reply as "motions."  Plaintiffs are reminded that, even though they appear pro se, they are required to follow all federal and local rules of procedure.

> Most of the courts that have examined the issue in light of the Supreme Court's decision in *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007), have concluded that the exhaustion requirement in § 7433 is non-jurisdictional. *See, e.g., Marsoun v. United States*, 591 F. Supp. 2d 41, 44 (D.D.C. 2008). However, we need not decide the issue because "[t]he characterization is important ... only when the defendant has waived or forfeited the issue [.]" *McQueen ex rel. McQueen v. Colo. Springs Sch. Dist. No. 11*, 488 F.3d 868, 873 (10th Cir. 2007). To be sure, a defendant can waive or forfeit certain issues, but because § 7433(d) contains the mandatory requirement that the court determine whether the plaintiff has exhausted his administrative remedies, we need not decide the issue because there can never be a question of waiver or estoppel.

*Carter v. United States*, No. 09-2314, 389 Fed. App'x 809, 812 n.1, 2010 WL 2982844, *2 n.1 (10th Cir. July 29, 2010) (unpublished) (holding that it "need not decide the issue because the United States was entitled to summary judgment" on the administrative-exhaustion issue).

The United States also cites a Sixth-Circuit case that comports with this Court's most recent analysis and conclusion and that characterizes the exhaustion requirement as a limitation on the "plaintiff's right to relief, not to his right to enter the federal courts." *Hoogerheide v. IRS*, 637 F.3d 634, 636-638 (6th Cir. 2011). Other circuits have also held that administrative exhaustion under § 7433(d) is not a jurisdictional requirement. *See Kim v. United States*, 632 F.3d 713, 719 (D.C. Cir. 2011) (noting that "exhaustion is not a pleading requirement under the Taxpayer Bill of Rights," treating § 7433(d) as a non-jurisdictional affirmative defense, and noting that "when a statute does not explicitly require a plaintiff to plead exhaustion, *Jones* rejects a categorical rule in favor of an analysis of the complaint . . . . [T]o discern whether the [taxpayers] exhausted, the district court inevitably had to go beyond the face of the complaint and conduct further inquiry."); *Galvez v. IRS*, No. 11–10659, 448 Fed. App'x 880, 887, 2011 WL 4348328, *6 (11th Cir. Sept. 19, 2011) (unpublished) (holding that § 7433 "lacks any indication that failure to exhaust administrative remedies should act as a jurisdictional bar to suit, and we decline to construe it in that way"). The Court concludes that it has subject-matter jurisdiction under § 7433(a) over the Poraths' claim for

8

unlawful collection actions - specifically their third counterclaim that, in 2003, IRS agents garnished more of Mrs. Porath's paycheck than they were statutorily entitled to take.

In the alternative, the United States contends that the Poraths fail to state a claim because they do not allege that they filed an administrative claim. *See* 11cv901, Doc. 8 n. 2 (citing *Hoogerheide*, 637 F.3d at 639). The Court notes, however, that nothing on the face of the counterclaims conclusively demonstrates failure to exhaust and the United States has presented no affidavits or other evidence demonstrating failure to file an administrative claim that would support conversion to a motion for summary judgment. Notwithstanding the Poraths' response that seems to imply that they have never filed an administrative claim, rather than grant the motion to dismiss on a bald assertion made in a brief, it seems that the issue should be decided on summary judgment. *See Kim*, 632 F.3d at 719–20. If the United States chooses to move for summary judgment on the third counterclaim, the Court suggests that it also determine whether the statute of limitations may have expired based on the alleged overgarnishment of Mrs. Porath's wages in 2003. *See* § 7433(d)(3) (providing for a two-year statute of limitations); Fed. R. Civ. P. 56(f) (providing that, the court may, "after giving notice and a reasonable time to respond . . . consider summary judgment on its own, after identifying for the parties material facts that may not be genuinely disputed"); Fed. R. Civ. P. 56(f) Comments to 2010 Amendments, subdivision (f) ("In many cases it may prove useful first to invite a motion; the invited motion will automatically trigger the regular procedure of subdivision (c).").

The remaining counterclaims must be dismissed. The Court construes the Poraths' first counterclaim for damages based on allegations that the United States "wrongfully and maliciously made public the Defendant's social security number in tax liens," Doc. 3 at 2-3, as one for the alleged violation of 26 U.S.C. § 6103, which prohibits the disclosure of confidential tax-return

information, with certain exceptions.  As a matter if law, however, one of the exceptions applies in this case.

> Section 6103(k)(6) contains one of many exceptions to confidentiality, and provides that return information may be disclosed in connection with collection activities. *See also* 26 C.F.R. § 301.6103(k)(6)-1(a)(1)(vi); *Mann v. United States*, 204 F.3d 1012, 1014, 1018 (10th Cir.2000) (holding that there was no violation of § 6103(k) where notices of levies and liens included the taxpayers' social security numbers).

*Carter*, 389 Fed. App'x at 813.  The Court concludes that the Poraths have failed to state a cognizable claim for disclosure of Mr. Porath's social security number.  *See id.* (affirming district court's ruling that taxpayer failed to state a claim for relief for the alleged violation of § 6103 when IRS officers "included his social security number in the notices of federal tax liens").

The Poraths' second counterclaim seeking damages for the alleged denial of their due-process rights when the IRS failed to respond to the Poraths' various "requests for information" and failed to provide "account transcripts for the years 1997 and 1998," Doc. 3 at 3-4, fails to invoke the Court's subject-matter jurisdiction or state a cognizable federal claim.  Generally, federal officials may be subject to suit in their individual capacities for monetary damages for alleged violations of federal constitutional rights for unlawful acts committed in the course of their federal employment. *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 396 (1971). "There is no such animal as a Bivens suit against a public official tortfeasor in his or her official capacity[,]" however.  *Farmer v. Perrill*, 275 F.3d 958, 963 (10th Cir. 2001).

> "The United States and its agencies are not subject to suit under *Bivens*." *Dahn v. United States*, 127 F.3d 1249, 1254 (10th Cir.1997). Further, "in light of the comprehensive administrative scheme created by Congress to resolve tax-related disputes, individual agents of the IRS are also not subject to *Bivens* actions." *Id.*

*Carter*, 389 Fed. App'x at 813.  There is no constitutional right, however, to obtain information in a manner in which a taxpayer demands.  Because the Poraths have failed to cite any statute or other

authority waiving the United States' sovereign immunity for its IRS agents allegedly violating their rights to obtain information, the Court must dismiss this counterclaim. *See id.* (affirming the dismissal of the taxpayer's claims for "violation of his constitutional rights arising from the defendants' failure to comply with certain statutes in the assessment and collection of taxes").

The Poraths' fourth counterclaim, for a refund of "at least $60,000," which has allegedly been "wrongfully charged and levied," must be dismissed for lack of subject-matter jurisdiction. Federal tax assessments and liens may be attacked only through statutorily-prescribed administrative and judicial avenues. *See Lonsdale*, 919 F.2d at 1442-44.

> Under 28 U.S.C. § 1346(a)(1), the United States has consented to be sued in federal district court in civil actions "for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected." However, a party bringing such an action must exhaust his administrative remedies by filing a timely and proper refund claim prior to filing suit.

*Green v. United States*, No. 10-5133,  428 Fed. App'x 863, 866, 2011 WL 2621003, *2 (10th Cir. Jul 05, 2011) (unpublished).   Under 26 U.S.C. § 7422(a), "[n]o suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected . . . until a claim for refund or credit has been duly filed with the Secretary . . ." Thus, "[f]iling a timely tax refund claim with the IRS is a jurisdictional prerequisite to maintaining a tax refund suit." *Angle v. United States*, 996 F.2d 252, 253 (10th Cir. 1993).  "The government does not waive sovereign immunity in a suit for a tax refund until presented with an administrative claim which it has either denied or ignored." *Graham v. United States (In re Graham)*, 981 F.2d 1135, 1138 (10th Cir. 1992).  "The administrative claim itself must be filed within the later of two years after the tax was paid or three years after the return was filed. These rules are nonwaivable jurisdictional requirements." *Id.* (citation omitted).

Because the Poraths fail to allege that they filed, and were denied, a claim for refund, their counterclaim for a refund must be dismissed for lack of subject-matter jurisdiction. *See Rosson v. United States*, No. 04–1423, 127 Fed. App'x 398, 400, 2005 WL 629759, 2 (10th Cir. Mar.18, 2005) (holding that, because 26 U.S.C. § 7422(a) specifically provides that, "[n]o suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected ... until a claim for refund or credit has been duly filed with the Secretary," and the plaintiffs "failed to allege that they sought administrative relief, which would be necessary to establish a waiver of sovereign immunity," their "claim for a refund was properly dismissed for lack of subject-matter jurisdiction").

**C. The Poraths' three motions for default judgment must be denied.**

The Poraths have conceded that their first motion for default judgment (Doc. 5 in 11cv901) was premature, thus it must be denied. As to the second motion, instead of filing an answer to a counterclaim, a counter-defendant may timely file a motion to dismiss the counterclaim. *See* FED. R. CIV. P. 12(a)(4); 5B CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 1349 (3rd ed. 2011). Because the United States timely filed its motion to dismiss, the second motion for default judgment (Doc. 8 in 11cv901) must be denied.

The third motion for default judgment is based upon the Poraths' erroneous assertion that Wells Fargo untimely responded to their motion to dismiss. *See* 11cv1145, Doc. 22. The Poraths filed the motion to dismiss on January 23, 2012, *see* Doc. 9, so the response was due 14 days later, with three more days' response time added under D.N.M. LR-Civ. 7.4 (requiring filing of responses within 14 days of service, and adding an additional three days under Fed. R. Civ. P. 6(d)). Wells Fargo timely responded on February 9, 2012. *See id.*, Doc. 17. Further, a *defendant* is never entitled to a default judgment on a complaint based on an alleged failure to timely respond because

the plaintiff, not the defendant, is the one who filed the complaint and is entitled to an answer. Motions for default judgment simply do not apply to the failure to timely respond to a motion.

### D.  The Poraths' motion to dismiss is frivolous.

The Poraths seek dismissal of Wells Fargo's Complaint on the grounds that the United States – another defendant –  allegedly answered the Complaint on behalf of the Poraths and Battle Wolf without obtaining authority to do so.  *See* 11cv1145, Doc. 9 at 1-2. This argument provides no basis for granting a motion to dismiss because it has nothing to do with Wells Fargo's allegations. Further, it is frivolous to contend that, by responding to a complaint on its own behalf, the United States has automatically responded on behalf of all other defendants.

### E.  The Poraths' motion for ratification is frivolous.

The Poraths' 4-sentence *Motion to Claim and Exercise Constitutional Rights and Require the Presiding Judge to Rule upon this Motion for Ratification of Commencement, and all Public Officers of this Court to Uphold Said Rights* (Doc. 33 in 11cv1145) is virtually incomprehensible. The Poraths do not explain what a "commencement of ratification" is or why one is allegedly required.  11cv1145, Doc. 33 at 1.  If they are suggesting that Wells Fargo has to file something in addition to having its attorneys sign the complaint as their attorney/agents, they are wrong.

### F.  The Poraths' motion to certify this case to the Supreme Court is frivolous.

The Poraths' base their motion to certify on the same contentions made in their frivolous *Motion for an Order Agreeing that the Court is Incompetent.*  Much of the language in the Poraths' motions, including their arguments claiming that this Court is a territorial court, is taken from articles and examples provided on a questionable website that gives invalid and incomprehensible legal advice and templates for attempting to avoid liability for debts and taxes.  *See* http://www.thepeopleofnewmexico.com/lawsuittemplate.htm.

This motion deserves no more of the Court's judicial energy and is summarily denied. When a final order has been issued, the Poraths may appeal the issue to the Tenth Circuit, and when their appeal is denied, they may petition for a writ of certiorari to the Supreme Court, should they wish to expend the money to continue to pursue their frivolous arguments.

WHEREFORE,

**IT IS HEREBY ORDERED** that the Poraths' *Motion for Default Judgment*, filed December 2, 2011 (Doc. 5 in 11cv901); *Motion for Default Judgment*, filed January 23, 2012 (Doc. 14 in 11cv901), and *Motion for Default Judgment*, filed February 14, 2012 (Doc. 22 in 11cv1145), are **DENIED**.

**IT IS FURTHER ORDERED** the United States' *Motion to Dismiss* the Poraths' counterclaims, filed December 6, 2011 (Doc. 8 in 11cv901), is **GRANTED IN PART** and **Counterclaims 1, 2, and 4** are **DISMISSED**.

**IT IS FURTHER ORDERED** that the Poraths' *Motion to Dismiss*, filed January 23, 2012 (Doc. 9 in 11cv1145), is **DENIED**.

**IT IS FURTHER ORDERED** that Wells Fargo's *Motion to Dismiss*, filed March 26, 2012 (Doc. 30 in 11cv1145), is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the Poraths' *Motion to Claim and Exercise Constitutional Rights and Require the Presiding Judge to Rule upon this Motion for Ratification of Commencement, and all Public Officers of this Court to Uphold Said Rights*, filed March 26, 2012 (Doc. 33 in 11cv1145), is **DENIED**.

**IT IS FURTHER ORDERED** that the Poraths' *Formal Motion for an Order Agreeing that the Court is Incompetent*, filed April 9, 2012 (Doc. 23 in 11cv901), is **DENIED**.

14

**IT IS FURTHER ORDERED** that the Poraths' *Motion for an Order Certifying this Cause to the United States Supreme Court*, filed May 22, 2012 (Doc. 30 in 11cv901), is **DENIED**.

_____
SENIOR UNITED STATES DISTRICT JUDGE